**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of Senior Notes, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>Peter W. King and Jane Doe King, husband and wife, on behalf of themselves and a class of similarly situated persons, et. al.,<br><br>Defendants, | CV 11-1110-PHX-PGR<br><br>**ORDER STAYING DEFENDANTS' TIME TO RESPOND TO THE COMPLAINT IN THIS ACTION OR COMMENCE MOTIONS PRACTICE UNTIL FURTHER ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE OR FURTHER ORDER OF THIS COURT** |

The Court having considered Plaintiffs' Motion To Modify Stay Order (Doc. 43),

**IT IS HEREBY ORDERED** that the motion is GRANTED.

**IT IS FURTHER ORDERED AS FOLLOWS:**

1.  The time for Defendants to respond to the Complaint in this action or commence motions practice is stayed until further order of the United States Bankruptcy Court for the District of Delaware in *In re Tribune Co.*, No. 08-13141 (KJC) or further order of this Court (the "Stay"). In addition, any applicable deadlines under Federal Rules of Civil Procedure 23 or 26 (or their local counterparts) will also be held in abeyance during the pendency of the Stay.

2.  Notwithstanding the Stay, Plaintiffs are permitted to:

    a. amend the Complaint or move for leave to amend the Complaint;

    b. voluntarily dismiss this action or one or more defendants pursuant to Federal Rule of Civil Procedure 41;

    c. move to add or drop a party or to sever any claim against a party pursuant to Federal Rule of Civil Procedure 21;

    d. move to consolidate and/or coordinate this action with any other action, without limitation, by making a motion pursuant to 28 U.S.C. § 1407 and the applicable Rules of Procedure of the U.S. Judicial Panel on Multidistrict Litigation, or any applicable state rules;

    e. file a motion pursuant to Federal Rule of Civil Procedure 26(d)(1) seeking pre-conference discovery that may be necessary solely for the purpose of preventing applicable statutes of limitation or other time-related defenses from barring any state law constructive fraudulent conveyance claims against any former Tribune shareholder to recover stock redemption/purchase payments made to such shareholders in connection with the 2007 Tribune LBO; and

    f. file a motion seeking modification of this Order.

3. Notwithstanding the Stay, all Defendants or their counsel are required to enter an appearance in this case within 30 days after the latter of entry of this Order or service of the Complaint upon Defendant, without prejudice to any defenses or positions that Defendant may have; and

4. Notwithstanding the Stay, Defendants are permitted to file responses to any motions Plaintiffs make pursuant to section 2 of this Order.

5. Notwithstanding the Stay, any Defendant who was not provided with notice of Plaintiffs' motion prior to entry of this Order, because such defendant had not yet been served with the Complaint or appeared in the action, may move this Court at any time to

vacate or modify this Order upon notice to Plaintiffs and all other Defendants in this action.

6. At such time as the Stay is lifted or terminates, Plaintiffs shall **within ten (10) days** inform the Court of the need to set the schedule for answering or otherwise responding to the Complaint, unless the action has been transferred to another court for coordinated pretrial proceedings.

**IT IS FURTHER ORDERED** that the parties' Stipulations for Extension of Time to Answer Complaint (Docs. 19, 20) are denied as moot.

DATED this 3rd day of October, 2011.

Paul G. Rosenblatt
United States District Judge